VAN BRUNT, P. J.
—It is admitted that the time to appeal lias expired since the service upon the defendant of a copy of the judgment sought to be appealed from, and a written notice •of the entry thereof. It is urged, however, that the time did not commence to ran, because neither the j udgment, as entered, nor the copy served, was folioed as required by rule 19 of the general rules of practice. It is claimed that the clerk had no power to enter the judgment, and it was therefore void. This position, however, cannot he sustained. The want of folioing was a mere irregularity. The court that tried the case had directed the clerk to enter the judgment, and the clerk was bound to follow that direction. If the attorney for the defend•ant desired to take advantage of this irregularity, it was necessary for him to move to set aside the judgment, and the court, if the ends of justice required it, ivould grant the motion. But the judgment is not void. It was good as a judgment so long as it remained of record, and a copy of this judgment, with notice of entry thereof, was served. If the copy, served had been folioed, and the judgment entered had ■not been, it might very well have been claimed by the defendant that a copy of the judgment as entered had not been served upon him. Furthermore, if the attorney for the defendant desired to take advantage of the fact that the copy served upon him was not folioed, he was bound to return the same, and apprise the attorney for the plaintiff of the. irregularity complained of. As already stated, the failure to folio being a mere irregularity, not ousting the court of jurisdiction, so long as the judgment remained of record it was a good, judgment for all purposes, and would not be set aside because of this irregularity unless the ends of justice required it. The defendant has mistaken his remedy. He should have moved to vacate the judgment because of the irregularity.
*1112 The order should be affirmed, with $10 costs and disbursements.
All concur.